UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE TOWN OF GREECE, NEW YORK, RONALD DiMARTINO, on his own behalf and on behalf of all others similarly situated, and JOHN J. RILEY, on his own behalf and on behalf of all others similarly situated, | **ORDER OF DISMISSAL** <br><br> Civil Action No. 06-CV-6570 L(F) |
| Plaintiffs, | |
| -vs- | |
| EASTMAN KODAK COMPANY and CHARLES A. SCHWAB, | |
| Defendants. | |

---

Plaintiffs The Town of Greece, New York (hereinafter "the Town"), Ronald DiMartino, on his own behalf and on behalf of all others similarly situated, and John J. Riley, on his own behalf and on behalf of all others similarly situated (hereinafter collectively referred to as "Plaintiffs") having commenced the above-captioned lawsuit by the filing of their Complaint on or about November 8, 2006 with the United States District Court Clerk, and Defendant Eastman Kodak Company having filed a motion pursuant to Federal Rules of Civil Procedure 9, 12(b)(6) and 17(a), to dismiss the Complaint on or about January 8, 2007, and Defendant Charles A. Schwab having filed an Answer to the Complaint on or about February 2, 2007,

**NOW**, upon reviewing the Joint Application by Plaintiffs and Defendant Eastman Kodak Company (hereinafter "Kodak") for Dismissal of the Above-Captioned Litigation with the attached Stipulation of Settlement and Exhibits, signed by the representatives of Plaintiffs and Kodak, wherein Plaintiffs and Kodak set forth that they have reached a resolution of their disputes and seek Court approval of the dismissal of the above-captioned lawsuit with prejudice on behalf of all parties and against all parties, pursuant to Federal Rules of Civil Procedure 23(e) and 41(a)(2), and

The Court having determined that it is unnecessary to order notice pursuant to Federal Rule of Civil Procedure 23(e)(1)(B) due to the unique circumstances of this case, including that the putative class is not yet certified, the members of the class lack standing to assert the claims alleged in the Complaint and will thus gain relief by virtue of the settlement which they could not otherwise attain (*see Carter v. Berger*, 188 F.2d 1173 (7th Cir. 1985), the duly-elected representatives of the citizens of the Town (i.e. the Town Board) have approved the settlement and discontinuance of this lawsuit at a public meeting, the cost of such notice would be prohibitive, and there no potential for any named plaintiffs to benefit at the expense of the rest of the class (*see Doe v. Perales*, 782 F. Supp. 206 (W.D.N.Y. 1991);  Green *v. American Express Co.*, 200 F.R.D. 211 (S.D.N.Y. 2001)), and

The Court having further determined, after due consideration and pursuant to Federal Rules of Civil Procedure 23(e)(1)(C) and 41(a)(2), that the settlement is fair, reasonable and adequate, it is hereby

**ORDERED**, that the above-captioned proceeding is hereby **DISMISSED** with prejudice as asserted by all parties and against all parties, including the alleged class action claims purportedly asserted on behalf of the citizen taxpayers of the Town of Greece, without costs as against any party, and judgment should be entered accordingly by the Clerk of the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 24, 2007.